#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MANSUR AKIL JELANI VALENTINE-DEY,   * <br> Ex Rel: Timothy Maurice Valentine           * <br>                                                       * <br> Plaintiff,                                                           * <br>                                                           * <br> v                                                                    *      Civil Action No.  ELH-12-3335 <br>                                                           * <br> STATE OF MARYLAND, et al.              * <br>                                                           * <br> Defendants                                              * <br>                                                        ***  | |

#### MEMORANDUM

Mansur Akil Jelani Valentine-Dey, also known as Timothy Maurice Valentine, has filed a complaint and a motion to proceed in forma pauperis.  For the reasons set forth below, the motion will be denied and this case will be dismissed.

Plaintiff's pleading, titled "Legal Notice of Removal," was filed against the State of Maryland, Anne Arundel County Circuit Court, Anne Arundel County Office of Child Support Enforcement, Wendy A. Weeks, Special Counsel, Baltimore County Office of Child Support Enforcement, and the Maryland Motor Vehicle Administration.  He seeks damages and asks this court to order defendants to end enforcement of his court-ordered child support payments. Plaintiff, who identifies himself as a Moorish-American, appears to claim that orders entered against him are invalid because he is not subject to the laws of Maryland or the United States.

The federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants with an opportunity for meaningful access to the federal courts, despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed in forma pauperis, a court must determine whether the litigant is unable to pay the cost of commencing the action.  *See* 28 U.S.C. § 1915(a)(1).  In this case, plaintiff neither submitted his request on the appropriate form,

nor provided sufficient information about his financial status so as to enable this court to determine whether he qualifies to proceed as an indigent, without payment of the filing fee. Therefore, the motion to proceed in forma pauperis shall be denied.

Even were plaintiff to demonstrate financial eligibility for in forma pauperis status, the complaint would be subject to dismissal for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).[1] The claims raised in this complaint involve matters of family law, issues traditionally reserved to the state or municipal court systems with expertise and professional support in these areas. *See Moore v. Sims*, 442 U.S. 415, 435 (1979); *see generally Ankenbrandt v. Richards*, 504 U.S. 689, 701–05 (1992) (under the domestic relations exception to federal jurisdiction, federal courts do not have the power to intervene with regard to such matters). Further, under the *Rooker–Feldman* doctrine,[2] a federal court does not have jurisdiction in a civil matter to overturn a state court judgment, even when the federal complaint raises allegations that the state court judgment violates a claimant's constitutional or federal statutory rights. The *Rooker–Feldman* doctrine precludes federal court action "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, 544 U.S. 280, 284 (2005).

For the aforesaid reasons, this case will be dismissed. A separate order follows.

Date: December 5, 2012  /s/
Ellen Lipton Hollander
United States District Judge

---

[1] This rule states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

[2] *See Rooker v. Fidelity Trust Company*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983).